IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURICIO PALACIOS, | : |
| | : |
|  Plaintiff, | : |
| | : |
| vs. | : |
| | : Civil Action Number: |
| COEXPORT, INC., and | : |
| PAULO ARMAS, | : **Jury Trial Demanded** |
| | : |
|  Defendants. | : |

## COMPLAINT

Plaintiff, by and through the undersigned counsel, brings this Complaint against Defendants and pleads as follows:

## INTRODUCTION

1.

Plaintiff Mauricio Palacios (hereafter "Plaintiff") brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), (hereafter "the FLSA") to (1) receive the minimum wage for work weeks in which the employer failed to pay him and an additional like amount as liquidated damages; (2) recover the overtime pay that was denied him and an additional amount as liquidated damages; (3) for his costs of litigation, including his

reasonable attorneys' fees.

2.

In addition to his federal causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as his federal claims. These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Plaintiff's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant Coexport, Inc. is located in this judicial district; and all

the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

6.

Plaintiff resides within Paulding County, Georgia.

7.

Coexport, Inc. and Paulo Armas employed Plaintiff Mauricio Palacios as a driver in Georgia from August 1, 2009 until January 14, 2011.

8.

From on or about August 1, 2009 until January 14, 2011, Plaintiff Mauricio Palacios has been an "employee" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

From on or about August 1, 2009 until January 14, 2011, Plaintiff Mauricio Palacios has been "engaged in commerce" as defined in 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

10.

From on or about August 1, 2009 until January 14, 2011, Mauricio Palacios has been engaged in the "production of goods for commerce" as defined in 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1)

11.

Coexport, Inc. is a corporation organized under the laws of the State of Georgia.

12.

At all times material hereto, Defendant Coexport, Inc. has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. §203(d).

13.

From on or about August 1, 2009 until January 14, 2011, Defendant Coexport, Inc. has been "engaged in commerce" as defined in 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

14.

From on or about August 1, 2009 until January 14, 2011, Defendant Coexport, Inc. has been engaged in the "production of goods for commerce" as defined in 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1)

15.

At all time material hereto, Defendant Coexport, Inc. has been an "enterprise engaged in commerce" as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

16.

Defendant Coexport, Inc. is subject to the personal jurisdiction of this Court.

17.

Defendant Paulo Armas (hereafter "Defendant Armas") resides within Paulding County, Georgia.

18.

At all times material hereto, Defendant Armas has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

19.

Defendant Armas is subject to the personal jurisdiction of this Court.

20.

Defendant Armas may be served with process at 1690 Enterprise Way, Suite C, Marietta, Georgia 30067.

**COUNT I — FAILURE TO PAY MINIMUM WAGE**

21.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

22.

At all times material hereto, Mauricio Palacios has been an employee

16.

Defendant Coexport, Inc. is subject to the personal jurisdiction of this Court.

17.

Defendant Paulo Armas (hereafter "Defendant Armas") resides within Paulding County, Georgia.

18.

At all times material hereto, Defendant Armas has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

19.

Defendant Armas is subject to the personal jurisdiction of this Court.

20.

Defendant Armas may be served with process at 1690 Enterprise Way, Suite C, Marietta, Georgia 30067.

**COUNT I — FAILURE TO PAY MINIMUM WAGE**

21.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

22.

At all times material hereto, Mauricio Palacios has been an employee

covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

23.

From on or about January 7, 2011 through January 14, 2011, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

24.

From on or about January 7, 2011 through January 14, 2011, Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

25.

Plaintiff is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

26.

As a result of the underpayment of minimum wages as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

27.

As a result of the underpayment of minimum wages, Plaintiff is entitled to

his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II — FAILURE TO PAY OVERTME

28.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

29.

At all times material hereto, Plaintiff Mauricio Palacios has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

30.

During his employment with Defendants, Mauricio Palacios regularly worked in excess of forty (40) hours each week.

31.

Defendants failed to pay Plaintiff Mauricio Palacios at one and one half times his regular rate for work in excess of forth (40) hours in any week from August 1, 2009 through January 14, 2011.

32.

Defendants have willfully failed to pay Mauricio Palacios at one and one

half times his regular rate for work in excess of forth (40) hours in any week from August 1, 2009 through January 14, 2011.

33.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

34.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

35.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT III – BREACH OF CONTRACT

36.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

37.

Plaintiff and Defendants were parties to a contract of employment (hereafter

"the Contract") from on or about August 1, 2009 through January 14, 2011.

38.

The Contract provided that Defendants would pay Plaintiff for work that was performed by Plaintiff on behalf of and for the benefit of Defendants.

39.

Defendants' failure to pay Plaintiff for work performed from on or about January 7, 2011 through January 14, 2011 constitutes a material breach of the Contract.

40.

As the direct and foreseeable result of this breach, Plaintiff has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT IV – QUANTUM MERIUT

41.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

42.

From on or about August 1, 2009 through January 14, 2011, Plaintiff served as a driver for Defendants.

43.

Plaintiff's service as a driver for Defendants as described above was valuable to Defendants.

44.

Defendants requested Plaintiff's service as a driver.

45.

Defendants knowingly accepted Plaintiff's service as a driver.

46.

The receipt of Plaintiff's services as a driver for Defendants without compensation would be unjust.

47.

Plaintiff expected to be compensated at the time he provided his services as a driver.

48.

Plaintiff is entitled to a recover from Defendants the reasonable value of the services he provided as a driver for Defendants, in an amount to be determined at trial.

## COUNT V - PROMISSORY ESTOPPEL

49.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

50.

On August 1, 2009, Defendants promised to pay Plaintiff in return for Plaintiff's service as a driver for them.

51.

Defendants should have reasonably expected that Plaintiff would induce action in reliance of said promise, i.e., serve as a driver for Defendants.

52.

Defendants' promise induced Plaintiff to act in reliance thereof, i.e., to serve as a driver for Defendants, to his detriment.

53.

Plaintiff's service as a driver for Defendants conferred a benefit on Defendants.

54.

Defendants failed to pay Plaintiff in accordance with their promise.

55.

Plaintiff relied on Defendants' promise.

56.

Plaintiff's reliance on Defendants' promise was reasonable.

57.

Justice can only be avoided by enforcement of Defendants' promise.

58.

Plaintiff is entitled to a recover from Defendants the reasonable value of the services he provided as a driver for Defendants, in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid minimum wage from on or about January 7, 2011 through January 14, 2011 due under the FLSA, plus an additional like amount in liquidated damages;

3. As to Count II, that Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

4. That Plaintiff have and recover judgment against Defendants for the pendent state claims herein asserted in amounts to be proved at trial;

5. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

6. For such other and further relief as the Court deems just and proper.

| | |
|---|---|
| *s/ Kevin D. Fitzpatrick, Jr.* | *s/ Charles R. Bridgers* |
| Kevin D. Fitzpatrick, Jr. | Charles R. Bridgers |
| Ga. Bar No. 262375 | Ga. Bar No. 080791 |
| 3100 Centennial Tower | 3100 Centennial Tower |
| 101 Marietta Street | 101 Marietta Street |
| Atlanta, GA 30303 | Atlanta, GA 30303 |
| (404) 979-3171 | (404) 979-3150 |
| (404) 979-3170 (f) | (404) 979-3170 (f) |
| kevin.fitzpatrick@dcbflegal.com | charlesbridgers@dcbflegal.com |
| | |
| Counsel for Plaintiff | Counsel for Plaintiff |

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MAURICIO PALACIOS, | : |
| **Plaintiff,** | : |
| vs. | : |
| | : **Civil Action Number:** |
| COEXPORT, INC. and | : |
| PAULO ARMAS, | : **Jury Trial Demanded** |
| **Defendants.** | : |

## CERTIFICATE OF COUNSEL

Pursuant to Local Rule 7.1, N.D.Ga., the above signatory attorney certified that this pleading was prepared with Times New Roman (14 point), one of the fonts and point selections approved by the Court in local Rule 5.1 B, N.D.Ga.

*/s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375

*/s/ Charles R. Bridgers*
Georgia Bar No. 080791
Charles R. Bridgers

Counsel for Plaintiff